UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TANYA RIVERS, MIGUEL MERCADO,
LARRY GAINES, ROBERT RUDDOCK,
LEE LUMBLEY, MICHAEL WILLIAMS,
JUDY G., EDWIN (aka "ERICA")
VARGAS, AND VICTOR CAPO, on
behalf of themselves and others similarly
situated,

          Plaintiffs,

-against-

ROBERT DOAR, as Commissioner of the
New York State Office of Temporary and
Disability Assistance, VERNA
EGGLESTON, as Commissioner of the
New York City Human Resources
Administration, and ELSIE DEL CAMPO,
as Commissioner of the New York City
HIV/AIDS Services Administration,

          Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-5863 (FB) (MDG)

ORIGINAL
D + F
C/M

*Appearances:*
*For the Plaintiffs:*
MATTHEW D. BRINCKERHOFF, ESQ.
Emery Celli Brinckerhoff & Abady PC
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

ARMEN H. MERJIAN, ESQ.
Housing Works, Inc.
330 West 38th Street, Suite 106
New York, NY 10018

*For the Defendants:*
ROBERT L. KRAFT, ESQ.
WILLIAM H. BRISTOW III, ESQ.
Office of the Attorney General
120 Broadway
New York, NY 10271

MARTIN JOHN BOWE, ESQ.
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

        Plaintiffs are nine indigent New York City residents with HIV or AIDS living in public housing. On October 30, 2006, the Court issued a preliminary injunction,

preventing defendants from increasing plaintiffs' rent payments above the federally mandated cap at 30% of income. On July 29, 2009, the Court dismissed plaintiffs' complaint as moot, finding that defendants had officially abandoned any effort to institute the challenged policy. The Court referred plaintiffs' subsequent motion for attorney's fees to Magistrate Judge Marilyn D. Go for decision. Magistrate Judge Go denied their motion, determining that plaintiffs were not "prevailing parties" under 28 U.S.C. § 1988 because (1) defendants had voluntarily agreed not to implement the policy until the Court resolved plaintiffs' claims, and more importantly, because (2) the Court did not base its grant of preliminary relief on plaintiffs' likelihood of success on the merits.

Plaintiffs timely objected to Magistrate Judge Go's decision only insofar as it denied them attorney's fees for work completed before the Court's October 30, 2006 injunction, arguing that both her determinations were erroneous. Defendants replied to plaintiffs' objections by letter, arguing merely that the magistrate judge's decision was sound. After reviewing Magistrate Judge Go's decision *de novo*, *see* Fed. R. Civ. P. 72(b)(3), the Court adopts it in its entirety.

I

"Section 1988(b) permits reasonable attorney's fees and costs to be awarded to a 'prevailing party' in any action or proceeding in connection with enforcing the provisions of 42 U.S.C. § 1983." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009). "[E]nforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,

532 U.S. 598, 604 (2001). Thus, "the entry of a ... preliminary injunction[] may permit the district court to confer prevailing party status on the plaintiff notwithstanding the absence of a final judgment on the underlying claim." *Garcia*, 561 F.3d at 102 (internal quotation marks omitted); *see, e.g., Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (so ordering). However, "a grant of provisional relief that merely preserves the status quo" is not sufficient to merit "prevailing party" status. *See LaRouche v. Kezer*, 20 F.3d 68, 74 (2d Cir. 1994); *see also Buckhannon*, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."). Therefore,

> fees are not warranted ... if the court has not based its decision to award interim relief on the merits[, and a] determination of whether a court's action is governed by its assessment of the merits requires close analysis of the decisional circumstances and reasoning underlying the grant of preliminary relief. If an injunction is not clearly based on the merits, a court should not resolve the uncertainty in favor of a finding that plaintiff prevailed.

*Haley*, 106 F.3d at 483 (internal quotation marks and citations omitted).

In addition, "[p]revailing party status ... does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Sole v. Wyner*, 551 U.S. 74, 83 (2007).

## II

Near the end of its hearing on the preliminary injunction, the Court stated: "[Y]ou've even agreed that you're not going to be involved with implementing such a policy[,] if there is such a policy[,] or doing anything to ... change the so-called cap. And then the Court will have ample opportunity to receive your papers and reflect upon the

3

merits of this case." Tr. at 25:9-14. The Court went on:

> [B]ased upon the argument in court today and the parties['] admirable concessions and willingness to collectively bring comfort and assurance to the plaintiffs . . . that they need not be apprehensive about having their rents raised to more than 30 percent of their income, which the City acknowledges has been the past and the current practice and the City will continue to do that pending the ultimate resolution of this litigation.
>
> \* \* \*
>
> And in issuing this preliminary injunction, the Court acknowledges the position of the attorney representing the City . . . that the City has in fact not required more than 30 percent of the income of the plaintiffs to be paid towards rent. And we all understand that that be the case, then the preliminary injunction which the Court has now ordered would be academic[,] but nonetheless, it does have some comfort, I think, to the plaintiffs which is what I think is indicated under all the circumstances. So that's the spirit underlying the Court's preliminary injunction. And the Court notes also that the State is not conceding that it has taken any action whatsoever that should be construed or interpreted to mean that it supports lifting the 30 percent cap . . . . But nonetheless, the Court once again draws comfort from the fact that the plaintiffs need not be concerned that, be it the City or the State or any of the agents, they have to fear pending the ultimate resolution of this litigation, that they will be required to pay more than 30 percent of their income towards rent.

*Id.* at 29:23-30:7, 30:19-31:17.

The Court agrees with Magistrate Judge Go that a close analysis of the circumstances and reasoning underlying the grant of preliminary relief shows that (1) the injunction merely maintained the status quo without altering the legal relationship of the parties — defendants had already agreed not to demand more than the 30% rent cap — and that (2) the injunction was not clearly based on the merits, but was intended to give

4

plaintiffs "comfort and assurance" while the Court considered the merits.

Furthermore, plaintiffs' argument that they are entitled to attorney's fees for work done before the preliminary injunction, even if they are not entitled to such fees for later work, does not comport with the Supreme Court's holding in Sole. There, the Supreme Court refused to give prevailing party status to a plaintiff who won a preliminary injunction but later lost her claim on the merits. See Sole, 551 U.S. at 83. Thus, the Supreme Court refused to isolate the preliminary stage of a case for purposes of prevailing party status.[1] Sole, therefore, prevents plaintiffs here from acknowledging that they are not entitled to attorney's fees for work done after the preliminary injunction, but attempting to get attorney's fees for earlier work.

III

For the foregoing reasons, the Court adopts Magistrate Judge Go's decision in its entirety.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 14, 2010

---

[1] Sole left open the question "whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." 551 U.S. at 86. As noted, the Second Circuit has answered this question in the affirmative, see Garcia, 561 F.3d at 102, but only if the preliminary injunction is "clearly based on the merits." Haley, 106 F.3d at 483.